# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>CURTIS WAYNE ALLEN,<br><br>PATRICK EUGENE STEIN,<br><br>GAVIN WAYNE WRIGHT,<br><br>*Defendants.* | Case No. 16-10141-EFM-01, 02, 03 |

## MEMORANDUM AND ORDER

On January 17, 2018, the Court denied Defendant Curtis Allen's Motion for Order to have Prospective Jurors Summonsed from Multiple Jury Divisions.[1]  In response to that Order, Defendant Allen has filed a motion seeking to dismiss the indictment or stay the proceedings due to a substantial failure to comply with the provisions of the Jury Selection and Service Act of 1968 ("Jury Act").  The motion is joined by Defendants Patrick Stein and Gavin Wright.  Because the Court concludes Defendants still lack standing to challenge the plan on behalf of citizens currently excluded from petit jury service, Defendants' Motion to Dismiss Indictment or Stay Proceedings for Substantial Failure to Comply with the Jury Act (Doc. 227) is denied.

---

[1] Doc. 213.

## I.     Factual and Procedural Background[2]

In Defendants' previous motion, Defendants noted that the jury selection plan employed by the District of Kansas does not permit eligible citizens residing in the Dodge City, Fort Scott, and Salina jury divisions ("excluded jurors") to serve on petit juries. With that in mind, Defendants advanced two primary arguments: (1) the jury selection plan employed by the District of Kansas violates Defendants' right to a jury trial before a fair cross section of the community; and (2) the jury selection plan violates the excluded jurors' rights established under the Jury Act. The Court denied Defendants' motion on January 17, 2018 Order. There, the Court held that the jury selection plan did not violate Defendants' right to a jury trial before a fair-cross section of the community, and Defendants did not have standing to make Equal Protection or Jury Act challenges against the plan as applied to the excluded jurors.

## II.     Discussion

In the present motion, Defendants have renewed their argument that the jury selection plan violates the excluded jurors' rights established under the Jury Act. Defendant Allen argues that he has standing to raise the statutory challenge to the jury selection process because he has: (1) submitted five declarations of excluded jurors who "want to assert their right to serve as jurors in federal court;" and (2) submitted an editorial from the *High Plains Daily Leader & Times* which purportedly demonstrates that some excluded jurors question the integrity of the federal court system that excludes them from ever serving on a petit jury.

The Court is not persuaded that these submissions are sufficient to now confer standing upon Defendants to challenge the jury selection plan on behalf of the excluded jurors in this current

---

[2] For a complete recitation of the relevant facts and legal background, *see* Doc. 213.

criminal proceeding. "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."[3] "This fundamental restriction on [the Court's] authority admits of certain, limited exceptions."[4] The U.S. Supreme Court has recognized the right of litigants to bring challenges on behalf of excluded jurors, provided three important criteria are satisfied: (1) the litigant must have suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute; (2) the litigant must have a close relation to the third party; and (3) there must exist some hindrance to the third party's ability to protect his or her own interests.[5]

The Defendants' submissions do not change the Court's previous analysis; Defendants are still unable to establish "injury in fact" and "close relation to the third party." And although the Court did not address the third element previously, the submitted declarations also fail to establish "some hindrance" to the declarants' ability to protect their own interests.[6] Rather, the declarants merely grant Defendant Allen "permission to challenge on [the declarants'] behalf the jury selection process . . . ."[7] Defendants cite no authority for the proposition that such declarations are sufficient to confer upon Defendants third-party standing.

---

[3] *Powers v. Ohio*, 499 U.S. 400, 410 (1990)

[4] *Id.*

[5] *Id.* at 410–11 (internal citations omitted).

[6] *See Terrell v. INS*, 157 F.3d 806, 809 (10th Cir. 1998) ("Third-party standing requires not only an injury in fact and a close relation to the third party, but also a hindrance or inability of the third party to pursue his or her own claims.").

[7] *See* Docs. 227-2, 227-4, 227-5, 227-6, 227-7.

-4-

### III. Conclusion

Simply put, the jury selection procedure employed by the District of Kansas does not violate Defendants' constitutional or statutory rights. Thus, to obtain the relief they seek, Defendants seek to invoke the rights of the excluded jurors. This criminal proceeding is not the proper setting to do so. If the excluded jurors truly wish to challenge the jury selection procedure, they are welcome to bring a separate action.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Indictment or Stay Proceedings for Substantial Failure to Comply with the Jury Act (Doc. 227) is hereby **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of February, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE