## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**
*Plaintiff*,

**v.**                              Case No. **6:16-cr-10141-EFM-01**

**CURTIS WAYNE ALLEN,**
*Defendant*.

---

### Defendants' Trial Brief Regarding Admissible Hearsay
### and the Right to Present a Defense

---

Mr. Curtis Allen, joined by Mr. Patrick Stein and Mr. Gavin Wright, through undersigned counsel, respectfully submits this trial brief addressing the admissibility of hearsay statements in accordance with the defendants' Fifth Amendment right to Due Process and their Sixth Amendment right to present a defense. U.S. Const. amends. V, VI.

### Introduction

Fundamental fairness and the Sixth Amendment guarantee an accused the right to present his defense. A trial court therefore commits reversible error when it erroneously excludes critical evidence offered in support of the defendant's theory of defense. Such a case arises where the evidence the defendant seeks to introduce is not only (1) admissible hearsay statements, but also (2) critical to the defendant's theory of defense. Accordingly,

1

statements that go directly to the defendant's defense and are admissible under Rule 803(3)'s exception to the rule against hearsay should not be excluded.

## Factual Background

Throughout the trial, the defendants have offered several statements, usually in the form of an audio recording and accompanying explanatory transcript, as part of their individual defenses to the conspiracy allegations. The government has repeatedly objected on hearsay grounds—for example, that Mr. Allen cannot offer his own out of court statements if offered for the truth of the matter asserted because it is precluded by Federal Rule of Evidence 801. But these statements are admissible under the state-of-mind exception to the rule against hearsay.[1]

The evidence that will be offered by the defense arises from the same consensual audio recordings made by and relied upon so heavily by the government throughout its case-in-chief. The government has noted that it can successfully admit a defendant's statement under Rule 801(d)(2)(b) of the Federal Rules of Evidence as proof of guilt, but

---

[1] Fed. R. Evid. 803(3). Additionally, certain statements to be offered will also have other bases of admissibility, such as extrinsic evidence of prior statements of witnesses who were given an opportunity to explain or deny those prior statements, which will be offered under Fed. R. Evid. 613(b).

that the defendant cannot offer the same evidence in his defense because it is hearsay. In anticipation of this issue arising again during the trial, the defendants offer the following authority.

## Legal Argument and Authority

A.   *The parameters of Rule 803(3).*

Rule 803(3) of the Federal Rules of Evidence sets forth the state-of-mind exception to the rule against hearsay. That Rule provides that the following is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:"

> **(3) Then-Existing Mental, Emotional, or Physical Condition.** A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.

The rule requires that a statement must be made contemporaneously with the state of mind sought to be proved, and that the declarant must not have had an opportunity to reflect and possibly fabricate or misrepresent his thoughts. These prerequisites provide the "putative circumstantial guarantee[s] of trustworthiness that justifies allowing the trier of fact to consider the substance of the hearsay utterance as proof of the declarant's

state of mind at the time he or she commented on it."[2] Rule 803(3)'s exception thus plainly "allows the admission of an extrajudicial statement, not to prove the truth of the matter asserted, but to show a future intent of the declarant to perform an act if the occurrence of that act is in issue."[3]

In *United States v. Mosely*,[4] for example, the defendant was convicted of possession of a firearm by a prohibited person. The police were conducting undercover surveillance on a Michael Guss, and asked Guss about buying drugs and a handgun.[5] Guss said that he would locate a seller, and then the defendant arrived at Guss's apartment building and left a "bundle" including a firearm.[6] On appeal, the defendant argued that the court erred in permitting the undercover detective to testify as to Guss's hearsay statement regarding his intent to make a phone call to procure a gun.[7] The Tenth

---

[2] *United States v. Rodriguez-Pando*, 841 F.2d 1014, 1021 (10th Cir. 1988) (McKay, J., dissenting); *see also United States v. Reyes*, 239 F.3d 722 (5th Cir. 2001).

[3] *Allen v. Sybase, Inc.*, 468 F.3d 642, 656-57, 659 (10th Cir. 2006) (quoting *United States v. Freeman*, 514 F.2d 1184, 1190 (10th Cir. 1975)).

[4] 561 F. Appx 707, 708 (10th Cir. 2014).

[5] *Id.*

[6] *Id.* at 708-09.

[7] *Id.* at 710-11.

Circuit disagreed, finding that the statement clearly set forth the declarant's

future intent to perform an act that was relevant to the issues:

> During direct examination, the officer testified, "Mr. Guss
> advised me that he had been trying to get people to bring him the
> gun, but that they would not, and that he was going to make
> another telephone call in an attempt to get them to bring the gun
> again." Mosley objects only to the latter part of that testimony, in
> which the officer references Guss's statement that he would keep
> trying to obtain a gun. That statement, however, falls within
> Rule 803(3)'s hearsay exception—it describes Guss's intent to
> make a telephone call to try to procure a gun. Contrary to
> Mosley's description of it, this part of the officer's statement does
> not contain any reference to Guss's belief that a handgun "was
> going to be delivered to the scene by an unnamed person."[8]

*Mosley* therefore assuages any doubt that a statement describing a

declarant's future intent, when the occurrence of that act is in issue, falls

within the ambit of Rule 803(3)'s hearsay exception.

> B.  *Erroneously excluded hearsay admissible under Rule 803(3) that*
>     *directly supports the defendant's theory of defense constitutes*
>     *reversible error.*

Notable, and important for purpose of this case, is the general

consensus that "[t]he most significant statements admitted under Rule 803(3)

arise in a subset of cases where the motive for action is disputed, such as

when defendants claim a lack of criminal intent, entrapment, duress, or self-

---

[8] *Id*. at 711 (internal citations to record omitted).

defense."[9] And that is because in those circumstances, "evidence of the defendant's state of mind becomes tactically important and legally relevant."[10] Out-of-court statements of a defendant's then-existing state of mind become critical to the jury seeking to understand the defendant's true intent, and "his motivation for acting in a certain manner."[11]

Given that a defendant has the constitutional right to present evidence in his defense,[12] the Tenth Circuit has long recognized that "[i]n a criminal case, it is reversible error for a trial judge to refuse to present adequately a defendant's theory of defense, especially where a proper request therefore is proffered."[13] Accordingly, a trial court commits reversible error when it erroneously excludes a defendant's self-serving statements that go directly to the defendant's defense and are admissible under Rule 803(3)'s exception to the rule against hearsay.[14]

---

[9] 30B Fed. Prac. & Proc. Evid. § 6833 (2017 ed.).

[10] *Id.*

[11] *Id.* (citing *United States v. DiMaria*, 727 F.2d 265, 271 (2d Cir. 1984)).

[12] U.S. Const. amends. V, VI; *see also Green v. Georgia*, 442 U.S. 95, 97 (1979); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973).

[13] *Speers v. United States*, 387 F.2d 698, 702 (10th Cir. 1967) (quoting *United States v. Blane*, 375 F.2d 249, 252 (6th Cir. 1967)).

[14] *See, e.g., United States v. Peak*, 856 F.2d 825, 833-35 (7th Cir. 1988) (vacating conviction and reversing for erroneous exclusion of defendant's statements admissible under Rule 803(3)); *DiMaria*, 727 F.2d at 271 (vacating conviction and

While it does not appear that the Tenth Circuit has had occasion to squarely address the issue, sister Circuits have. For example, in *Peak*, the Seventh Circuit held that the trial court committed reversible error in excluding a defendant's self-serving hearsay statements in a prosecution for conspiracy to possess with intent to distribute drugs.[15] During trial, the court overruled defense counsel's motion to admit through co-defendant testimony of the defendant's hearsay statements under Rule 803(3) "to show that he lacked the requisite state of mind for conviction."[16]

The Seventh Circuit disagreed, finding that the statements were admissible under Rule 803(3) to show the defendant's "lack of intent" to partake in the charged conspiracy.[17] "While the government was attempting to show that [defendant] had the specific intent to conspire in a drug

---

reversing where defendant's erroneously excluded statement that tended to disprove the mental state required violated defendant's right to present his defense); *United States v. Hayat*, 710 F.3d 875, 906 (9th Cir. 2013) (Tashima, J., dissenting) ("I never intended to go to [terrorist training camp" stated defendant's present intent (when talking with informant) not to go to camp and was admissible under Rule 803(3); *see also id*. at 893-94 (majority finding admissibility a "close[] question" but concluding that, given past-tense nature of statement, any error was not "plain").

[15] *Peak*, 856 F.2d at 833-35.

[16] *Id*. at 834.

[17] *Id*.

scheme," the defendant "merely wanted to admit evidence to show his willingness to join [codefendant] in the 'capture' plan and his lack of intent to possess and distribute illegal drugs."[18] The Seventh Circuit determined that it "was not [the defendant's] purpose to gain admission into evidence of other details of the conversation"—rather, "defendant's statement that he would take part in the 'capture' plan is a bare assertion of his state of mind, i.e., that he intended to help his brother arrest Hackney" but "[i]t does not include any inadmissible details."[19]

Moreover, the *Peak* court concluded that because the excluded hearsay evidence was critical to the defendant's theory of defense, its exclusion constituted reversible error: "When erroneously excluded evidence would have been the only or primary evidence in support of or in opposition to a claim or defense, its exclusion is deemed to have had a substantial effect on the jury."[20] The defendant's "sole defense was that he was helping his brother 'capture' the government informant[,]" but the "only evidence of that defense was [the defendant]'s side of the conversation with [codefendant]."[21] That

---

[18] *Id.* at 834-44.

[19] *Id.* at 833-34.

[20] *Id.* at 834 ("other courts have held an error not to be harmless when it precludes or impairs the presentation of an accused's sole means of defense.").

[21] *Id.*

evidence, the Seventh Circuit recognized, "tending to disprove the intent required for conviction, was vital to [the defendant]" who, without it, "had little chance of acquittal" whereas "with it, he could have placed some doubt in the jurors' minds as to his intent."[22] Because the exclusion of defendant's "comments about his state of mind severely impaired his primary defense[,]" the evidentiary error affected the defendant's "substantial rights" and "therefore was reversible error."[23]

Likewise, in *DiMaria*, the Second Circuit reversed a conviction for possession of stolen and contraband cigarettes where the court erred by not permitting the defense to introduce through a government agent the defendant's statement, "I only came here to get some cigarettes real cheap."[24] The Second Circuit held that the defendant's statement relevant to his intent, as well as critical to his theory of defense, was admissible under Rule 803(3).[25] Specifically, the statement "tended to disprove the state of mind required for conviction" and it "stated, or so the jury could find, that [the

---

[22] *Id.* at 835.

[23] *Id.* (finding that the exclusion of the evidence also "substantially impaired his rights in another way" by denying him a jury instruction on his defense "presumably because he presented insufficient evidence to support it").

[24] 727 F.2d at 271.

[25] *Id.*

9

defendant's] existing state of mind was to possess bootleg cigarettes, not stolen cigarettes."[26]

In dismissing the government's assertion that any error in excluding the defendant's statement should be deemed harmless on appeal, the Second Circuit recognized that "Counsel's argument was no substitute for the argument that could have been made if [defendant's] statement had been admitted[,]" remarking that, "we cannot but wonder why, if the statement was so insignificant as the Government now claims, the prosecutor was at such pains to have it excluded."[27] Because the erroneous exclusion of the defendant's self-serving statements impaired the defendant's right to present his defense, the Second Circuit reversed the defendant's convictions and remanded for a new trial.[28]

In sum, reversible error occurs when the exclusion of admissible hearsay evidence violates fundamental fairness and the defendant's constitutionally-guaranteed right to present a complete defense.

---

[26] *Id.*

[27] *Id.* at 272.

[28] *Id.*

## Conclusion

The defense respectfully submits this trial brief to outline the relevant authority and constitutional principles implicated when they offer to admit specific statements in their case-in-chief.

Respectfully submitted,

s/ Melody Brannon
MELODY BRANNON, #17612
Federal Public Defender for the
District of Kansas
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785/232-9828
Fax: 785/232-9886
Email: melody_brannon@fd.org

s/ Rich Federico
RICH FEDERICO, #22111
Staff Attorney (R&W)
Federal Public Defender
117 SW 6th Avenue, Suite 200
Topeka, Kansas 66603-3840
Phone: 785-232-9828
Fax: 785-232-9886
Email:rich_federico@fd.org

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 9, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/ Rich Federico
RICH FEDERICO, #22111

11