IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**,
      *Plaintiff,*

v.      Case No. **6:16-cr-10141-01 EFM**

**CURTIS WAYNE ALLEN**,
      *Defendant.*

_____

### MEMORANDUM IN SUPPORT OF JURY INSTRUCTIONS
_____

Mr. Curtis Allen, joined by Mr. Patrick Stein and Mr. Gavin Wright, submits this memorandum in support of his requested jury instructions. We address two topics: the aiding and abetting instruction and a unanimity instruction.

### 1. The aiding and abetting instruction

The Tenth Circuit long defined aiding and abetting as "willfully associat[ing] with the criminal venture and aid[ing] such venture through affirmative action."[1] These elements are still reflected in the Tenth Circuit's pattern instruction.[2] The Circuit affirmed these elements in *United States v.*

---

[1] *United States v. Jones*, 44 F.3d 860, 869 (10th Cir. 1995).

[2] Tenth Circuit Pattern Instruction 2.06.

*Rosemond*,[3] upholding an aiding and abetting jury instruction which provided that,

> (1) the defendant knew his cohort used a firearm in the drug trafficking crime, and
>
> (2) the defendant knowingly and actively participated in the drug trafficking crime.

*Rosemond* concluded that "[t]his instruction is correct under Tenth Circuit law[.]"[4]

The Supreme Court disagreed and reversed in *Rosemond v. United States*.[5] The Court found the Tenth Circuit's formulation of aiding and abetting wanting in two ways. First, the Court held that the defendant must intend that the entire crime occur; it is not enough to intend [or have intent regarding] one element. An "aiding and abetting conviction requires not just an act facilitating one or another element, but also a state of mind extending to the entire crime."[6]

---

[3] 695 F.3d 1151, 1154 (10th Cir. 2012).

[4] *Id.*

[5] 134 S.Ct. 1240 (2014).

[6] 134 S.Ct. at 1248 ("As previously explained, a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission. An intent to advance some different or lesser offense is not, or at least not usually, sufficient: Instead, the intent must go to the specific and entire crime charged.").

Second, the defendant must know the crime's full objective before the crime occurs to be liable for aiding and abetting. His knowledge "must be advance knowledge—or otherwise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice."[7] "After *Rosemond*, a jury instruction on aiding and abetting . . . should address the defendant's advance knowledge[.]"[8]

It does not appear that the Tenth Circuit has updated the pattern instruction since the Supreme Court decided *Rosemond*. Our request incorporates that decision's requirements.

## 2. The unanimity instruction

Aiding and abetting and conspiracy are separate legal theories with separate elements "by which the Government may prove joint criminal

---

[7] 134 S.Ct. at 1249-50 ("When an accomplice knows beforehand of a confederate's design to carry a gun, he can attempt to alter that plan or, if unsuccessful, withdraw from the enterprise; it is deciding instead to go ahead with his role in the venture that shows his intent to aid an armed offense. But when an accomplice knows nothing of a gun until it appears at the scene, he may already have completed his acts of assistance; or even if not, he may at that late point have no realistic opportunity to quit the crime. And when that is so, the defendant has not shown the requisite intent to assist a crime involving a gun. As even the Government concedes, an unarmed accomplice cannot aid and abet a § 924(c) violation unless he has 'foreknowledge that his confederate will commit the offense with a firearm.'… . For the reasons just given, we think that means knowledge at a time the accomplice can do something with it—most notably, opt to walk away.").

[8] *United States v. Davis*, 750 F.3d 1186, 1193 (10th Cir. 2014).

liability for a substantive offense."[9] While an agreement to break the law is an essential component of conspiracy, no such agreement is required to render one liable as an aider and abettor.[10] Liability as an aider and abetter is based solely on the act of intentionally counseling, aiding, or assisting another in the commission of a crime.[11] As "a matter of law, aiding and abetting the commission of a crime and conspiracy to commit that crime are separate and distinct offenses[.]"[12]

Because these theories of legal liability rely on distinct elements, the jury "cannot convict unless it unanimously finds that the Government has proved each element."[13] The legal theories of conspiracy and aiding and

---

[9] *United States v. Bowen*, 527 F.3d 1065, 1077 (10th Cir. 2008) (Aiding and abetting and conspiracy are alternative theories "by which the Government may prove joint criminal liability for a substantive offense."); *see also United States v. Rosalez*, 711 F.3d 1194, 1209 (10th Cir. 2013) (same); *United States v. Bright*, 630 F.2d 804, 813 (5th Cir. 1980) ("The essence of conspiracy is proof of a conspiratorial agreement while aiding and abetting requires there be a "community of unlawful intent" between the aider and abettor and the principal. While a community of unlawful intent is similar to an agreement, it is not the same. Thus, a defendant may wittingly aid a criminal act and be liable as an aider and abettor, but not be liable for conspiracy, which requires knowledge of and voluntary participation in an agreement to do an illegal act[.]").

[10] *United States v. Robertson*, 473 F.3d 1289, 1292 (10th Cir. 2007); *United States v. Pursley*, 474 F.3d 757, 769 (10th Cir. 2007).

[11] *Pursley*, 474 F.3d at 769.

[12] *United States v. Nelson*, 599 F.2d 714, 716 (5th Cir. 1979).

[13] *Richardson v. United States*, 526 U.S. 813, 817 (1999); *Johnson v. Louisiana*, 406 U.S. 356, 369–371 (1972) (Powell, J., concurring); *Andres v. United States*, 333 U.S. 740, 748 (1948) ("Unanimity in jury verdicts is required where the Sixth and

abetting have different elements. Without a unanimity instruction, a constitutionally intolerable verdict of guilt may result if six jurors believe that a defendant conspired, and six jurors believe that the defendant encouraged others to conspire.[14] But the solution is simple; explain to the jurors that they may not convict by mixing and matching legal theories with different elements. We ask the Court to so instruct.

                          Respectfully submitted,

                          s/ Melody Brannon
                          MELODY BRANNON, #17612
                          Federal Public Defender for the
                          District of Kansas
                          117 SW 6th Avenue, Suite 200
                          Topeka, Kansas 66603-3840
                          Phone: 785/232-9828
                          Fax: 785/232-9886
                          Email: melody_brannon@fd.org

---

Seventh Amendments apply. In criminal cases this requirement of unanimity extends to all issues—character or degree of the crime, guilt and punishment— which are left to the jury. A verdict embodies in a single finding the conclusions by the jury upon all the questions submitted to it.").

[14] *See United States v. Rosalez*, 711 F.3d 1194, 1204 (10th Cir. 2013) (Approving instruction which provided, in part, "The government has two alternative theories for finding the Defendants guilty of Count 2: co-conspirator liability and aiding and abetting liability. In order to return a guilty verdict all twelve of you must agree on which theory, if any, the government has proven beyond a reasonable doubt.") We acknowledge some out-of-circuit contrary authority. *United States v. Horton*, 921 F.2d 540 (4th Cir. 1990). But *Horton* is distinguishable; there, 'Only one act—the stabbing murder of Hoston—was charged. Only evidence pertaining to this one act was presented.' 921 F.2d at 545. *Horton* did not address a case like ours, where the jury is faced with separate legal theories of guilt with different elements;" *Id.* at n. 2 ("We do not adopt the view that there is no abridgement of the right to a unanimous verdict even when the theories of guilt are substantially different.").

                                    s/ Rich Federico
                                    RICH FEDERICO, #22111
                                    Staff Attorney (R&W)
                                    Federal Public Defender
                                    117 SW 6th Avenue, Suite 200
                                    Topeka, Kansas 66603-3840
                                    Phone: 785-232-9828
                                    Fax: 785-232-9886
                                    Email: rich_federico@fd.org

## **CERTIFICATE OF SERVICE**

   I hereby certify that on April 15, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

                                    s/ Melody Brannon
                                    MELODY BRANNON, #17612

                                    s/ Rich Federico
                                    RICH FEDERICO, #22111