# UNITED STATES DISTRICT COURT
## District of Kansas

UNITED STATES OF AMERICA,

           **Plaintiff,**

      **v.**                      **Case No.   16-CR-10141-EFM**

CURTIS WAYNE ALLEN *et al*.,

           **Defendants.**

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO EXCLUDE AND OBJECTIONS TO THE VICTIM IMPACT STATEMENTS
### (Re: Dockets 455, 456, and 457)

APPEARS NOW the United States of America, by and through Stephen McAllister, United States Attorney for the District of Kansas; Anthony W. Mattivi, Assistant United States Attorney for the District; and Risa Berkower and Mary J. Hahn, Trial Attorneys with the Criminal Section of the Civil Rights Division of the Department of Justice, and respectfully offers this response in opposition to the defendants' Motion to Exclude and Objections to the Victims' Impact Statements.

During more than four weeks of trial, the jury and this Court listened to hours of recordings of the defendants plotting to kill the residents, worshippers, and landlord of the Mary Street apartments and mosque, and saw evidence of the extensive steps the defendants took to carry out that plan.  Despite the overwhelming evidence that led a jury to find beyond a

reasonable doubt that the defendants conspired to commit a hate-motivated mass murder, the defendants now make the extraordinary claim that the targets of their plot – the defendants' would-be murder victims – are not in fact "victims" and should not be heard at sentencing.  The defendants cite no authority for this claim.  Instead, they rely generally on the assertion that, because law enforcement officers interrupted the plot before it could be completed, this was a victimless crime.

The defendants' attempt to minimize their actions and de-personalize their crimes runs directly afoul of the plain text of the Crime Victims' Rights Act (CVRA), which defines a victim as any person "directly and proximately harmed" as a result of the commission of a federal crime.  *See* 18 U.S.C. § 3771(e)(2).  Moreover, the defendants' position ignores the well-established principle that this Court has broad authority to consider any information, from any source, at sentencing.  *See* 18 U.S.C. § 3661.

Through the CVRA, Congress has guaranteed that every victim of a federal crime has the right to be reasonably heard at sentencing.  *See* 18 U.S.C. § 3771(a)(4), (b)(1); *see also United States v. Looper*, 399 F. App'x 368, 375 n.3 (10th Cir. 2010); *in re Stewart*, 552 F.3d 1285, 1288-89 (11th Cir. 2008) (issuing a writ of mandamus requiring the sentencing court to permit the victim of a crime to speak at sentencing); *Kenna v. U.S. Dist. Court for C.D. Cal.*, 435 F.3d 1011, 1015-16 (9th Cir. 2006) (same); *United States v. Degenhardt*, 405 F. Supp. 2d 1341, 1349 (D. Utah 2005) (holding that the language of the CVRA is "mandatory, not precatory").

The CVRA's broad definition of a "victim" encompasses anyone "directly and proximately harmed as a result of the commission of a Federal offense."  18 U.S.C. § 3771(e). Courts, including the Tenth Circuit, have consistently made clear that the CVRA includes victims who have suffered purely emotional harms; the CVRA does not require an individual to

be physically harmed in order to trigger these statutory rights.  *See, e.g.*, *United States v. Singer*, 825 F.3d 1151, 1159-60 (10th Cir. 2016) (noting that the victim's wife, who was not herself physically harmed, was a victim under the CVRA because of psychological trauma resulting from the defendant's actions); *Moore v. United States*, 178 F.3d 994, 1001 (8th Cir. 1999) (holding that a customer who witnessed a bank robbery "easily qualified" as a victim because the robber pointed a gun in the customer's direction, even though the customer had not been physically harmed).  Such emotional harm is "presumed" where, as here, "an individual receive[s] information about a violent act attempted against him or her."  Attorney General Guidelines for Victim and Witness Assistance 9, *available at* https://www.justice.gov/sites/default/files/olp/docs/ag_guidelines2012.pdf.[1]

The defendants' argument relies almost exclusively on this Court's pretrial ruling that the victims would not be permitted to testify at trial.  The Court's pretrial ruling, which had nothing to do with victims' status under the CVRA, simply reflected the Court's determination that any trial testimony the victims could have offered would necessarily have been based solely on what the government had told them about the evidence.  This case is now in an entirely different posture – the voluminous evidence of the defendants' conspiracy is part of the public record, and the victims' impact statements are based on their reactions to the defendants' proven criminal efforts to murder them.

The defendants also ask that, even if the Court allows the victims to be heard at sentencing (as the Court must, under the CVRA), the Court preclude the victims from offering their views on what punishment would be fair.  Again, the defendants' position is without authority.  Senators Kyl and Feinstein, the primary drafters of the CVRA, specifically made clear

---

[1] Congress required the Attorney General to promulgate regulations to enforce the rights of crime victims under the CVRA.  18 U.S.C. § 3771(f).

3

that the CVRA encompasses the right of victims to provide their views on a just punishment. 150 Cong. Rec. S4268 (daily ed. Apr. 22, 2004) (statement of Sen. Kyl) ("When a victim invokes this right [to be heard] during plea and sentencing proceedings, it is intended that he or she be allowed to provide [] three types of victim impact - the character of the victim[;] the impact of the crime on the victim, the victims' family and the community[;] and sentencing recommendations."); *see also id.* (statement of Sen. Feinstein) ("The victim of crime, or their counsel, should be able to provide any information, as well as their opinion, directly to the court concerning the release, plea, or sentencing of the accused.")[2]

In addition to providing victims with statutorily-enforceable rights under the CVRA, Congress has authorized sentencing courts to consider "all sources of information," including victim impact statements, in "formulating an appropriate sentence." *See United States v. Beaulieu*, 893 F.2d 1177, 1179-80 (10th Cir. 1990) (interpreting 18 U.S.C. § 3661 as permitting the court to consider all information, from any source, at sentencing); *United States v. Looper*, 399 F. App'x 368, 375 (10th Cir. 2010) (holding that a victim's impact statement is a relevant consideration under § 3553(a)); *cf. Payne v. Tennessee*, 501 U.S. 808, 825 (1991) (noting that precluding a sentencing court from considering victim impact statements unfairly "turn[s] the victim into a faceless stranger" (internal quotation marks omitted)).[3] The Supreme Court has long considered victims' views to be "an important concern" in determining the "appropriate

---

[2] Defendants cite the Tenth Circuit's decision in *United States v. McVeigh*, 153 F.3d at 1217, to suggest that victims should be precluded from making sentencing recommendations to this Court. *McVeigh*, however, was a capital case, and the opinion dealt with the scope of admissible witness testimony before the sentencing *jury*. Limiting victim testimony during the capital jury phase is required to ensure that lay jurors are not unduly swayed by such victim testimony. However, *McVeigh* did not place any restrictions on what the sentencing court – after the jury rendered its sentencing recommendation – could consider in making the ultimate sentencing decision.

[3] Statements by members of the community, who are in a unique position to provide the Court with insights about how the defendants' crime affected community relations, are also relevant to the Court's consideration of the § 3553(a) factors. *See., e.g.*, *United States v. Cordero*, 609 F. App'x 73, 78 (3d Cir. 2015); *United States v. Jimenez*, 13–cr–00195, 2015 WL 6500836, at *2 (D. Colo. 2015).

punishment," *Payne,* 501 U.S. at 821, 825, and the defendants offer no reason to depart from this longstanding tradition in this case.

Finally, the defendants assert, without any explanation, that the victims are not "reliable" and should be subject to cross-examination.  However, the victims are not on trial, and the Tenth Circuit has repeatedly held that the defendants have no right to cross-examine the victims at a sentencing hearing.  *See United States v. Sadler*, 642 F. App'x 834, 844-45 (10th Cir. 2016) (affirming the principle that the confrontation clause is a trial right, not a right at sentencing, and holding that district court did not err in relying at sentencing on a hearsay account of a sex assault victim's description of the crime); *United States v. McGuffin*, 149 F. App'x 714, 719 (10th Cir. 2005) (holding that the admission of victim impact statement did not violate the right to confrontation).  In fact, the victims do not even need to be present to be "reasonably heard" under the CVRA.  *See United States v. Burkholder*, 590 F.3d 1071, 1075 (9th Cir. 2010) (holding that, under the CVRA, the right to be "reasonably heard" provides the victim with the right to communicate with the court through methods other than live testimony).  To allow cross-examination of the victims would serve only to traumatize and re-victimize people whom the defendants have already harmed through the conspiracy to kill them in their homes and in their place of worship.

Based on the plain text of the CVRA, as well as this Court's inherent authority to review all evidence relevant to sentencing, the government respectfully requests that this Court deny the defendants' motion and overrule their objections to the admissibility of the impact statements submitted by the victims in this case.

Respectfully submitted,

Stephen R. McAllister
United States Attorney

# *Anthony W. Mattivi*

ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

# *Risa Berkower*

RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov

# *Mary J. Hahn*

MARY J. HAHN
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0921
Mary.Hahn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the  __13th__  day of November 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.


*__Mary J. Hahn__*
Mary J. Hahn
Trial Attorney