# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                        Case No.   **16-CR-10141-EFM**

**CURTIS WAYNE ALLEN *et al.*,**

      **Defendants.**

### GOVERNMENT'S MOTION FOR CONSIDERATION OF ITS REPLY BRIEF AND OPPOSITION TO DEFENDANTS' MOTION TO STRIKE [Doc. 475, 476]

    APPEARS NOW the United States of America, by and through its undersigned attorneys, and respectfully (1) seeks leave from the Court to consider the government's Reply to Defendants' Response to Government's Notices of Additional Authorities [Doc. 473], and (2) asks the Court to deny defendants' Motion to Strike that filing [Doc. 475, 476]. On November 19, 2018, the Court ordered the government to file a list of authorities relevant to U.S.S.G. § 3A1.4 by the close of business on November 20, 2018, and directed the defendants to respond within one week. In their response [Doc. 472], the defendants claimed that the government had not provided adequate supporting documentation for its case citations. D. Response, at 7 [Doc. 472]. The defendants further asserted that there is no evidence in the record that supports the application of U.S.S.G. §

3A1.4 to their Guidelines calculations. *Id*. at 9 ("His [Faisal Shazad's] terrorism crimes were laser focused on his intent to take action in retaliation to government conduct; there is no evidence that Mr. Allen's conduct had the same intent.").

To address these two concerns—which the defendants raised for the first time in their Response—the government filed a Reply on December 3, 2018 [Doc. 473]. First, to address defendants' claim that the government had provided inadequate supporting material for its case citations, the Reply provides the Court with materials pulled from the electronic dockets of those cases—indeed, it is those materials, such as sentencing transcripts and memoranda in aid of sentencing, that comprise the vast majority of the Reply's length. Second, to address defendants' new claim that there is "no evidence" in the record that supports application of U.S.S.G. § 3A1.4 to them, the government provides the Court with examples to the contrary, almost all of which are taken from the trial exhibits. It is the transcripts of these audio-recording exhibits (transcripts which the Court otherwise does not have) that make up the rest of the filing's length. Accordingly, as the government's Reply will assist the Court in addressing the new arguments raised by the defendants' Response, the government respectfully asks the Court to grant consideration to the government's Reply [Doc. 473], and to deny defendants' joint motions to strike that filing [Doc. 475, 476].

> Respectfully submitted,
>
> STEPHEN R. MCALLISTER
> United States Attorney
>
> *Anthony W. Mattivi*
> ANTHONY W. MATTIVI
> Assistant United States Attorney
> District of Kansas
> 290 Carlson Federal Building

444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*Risa Berkower*

RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov

*Mary J. Hahn*

MARY J. HAHN
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0921
Mary.Hahn@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the __3rd__ day of December 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*Risa Berkower*

Risa Berkower