FILED
U.S. District Court
District of Kansas

APR 13 2022

Clerk, U.S. District Court
By _____ Deputy Clerk

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | Dist. of Kansas (Wichita) |
|---|---|---|
| Name: CURTIS WAYNE ALLEN | | Case No.: |
| Place of Confinement: Forrest City Federal Corr. Inst. MEDIUM | | Prisoner No.: 28343-031 |
| UNITED STATES OF AMERICA | | Movant (include name under which convicted) |
| v. Curtis Wayne Allen | | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **U.S. District Court For The District of Kansas**

   (b) Criminal docket number (if you know): **6:16-cr-10141-EFM-1**

2. Date of the judgment of conviction: **1/25/2019**

3. Length of sentence: **300/120 months concurrent**

4. Nature of crime (all counts): **Conspiracy to Use Weapon of Mass Destruction (1 ct) 18 USC § 2332a(a)(2) Conspiracy Against Civil Rights (1 ct) 18 USC § 241**

5. (a) What was your plea? (Check one)

   (✓) (1) Not guilty

   ( ) (2) Guilty

   ( ) (3) Nolo contendere (no contest)

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? \_\_\_\_\_

6. Kind of trial: (Check one)

• Jury • • Judge only • •
7. Did you testify at the trial?
   Yes • • No • •
8. Did you appeal from the judgment of conviction?
   Yes • • No • •
9. If you did appeal, answer the following:
   (a) Name of court: US Court of Appeals - TENTH CIRCUIT
   (b) Docket number (if you know): 19-3034
   (c) Result: Affirmation in Whole
   (d) Date of result (if you know): January 12th 2021
   (e) Citation to the case (if you know): _____
   (f) Grounds raised: (1) District Court Error Denying Jury Act Challenge
   (2) Dist. Ct. improper declination as to Jury Ins. in Entrapment
   (3) Incorrect Appl. of Terrorism Enhancement
   (4) Improper Method of Petit Jury Selection
   (5) (4) District Ct. Error Admissability Ruling as to
   Rule 801(d)(2)(e)

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes • • No • •
   If "Yes," answer the following:
   (1) Docket number (if you know): _____
   (2) Result: _____
   (3) Date of result (if you know): _____
   (4) Citation to the case (if you know): _____
   (5) Grounds raised: _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?
    Yes • • No • •
11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket number (if you know): _____
        (3) Nature of the proceeding: _____

Page 4

(4) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(5) Did you receive a hearing where evidence was given on your motion, petition, application?

      Yes • • No • •

(6) Result: _____

(7) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

   (1) Name of court: _____

   (2) Docket number (if you know): _____

   (3) Nature of the proceeding: _____

   (4) Grounds raised: _____

_____

_____

_____

_____

_____

_____

   (5) Did you receive a hearing where evidence was given on your motion, petition, or application?

      Yes • • No • •

   (6) Result: _____

   (7) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

   (1) First petition:    Yes • • No • •

   (2) Second petition:    Yes • • No • •

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state briefly every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. Summarize briefly the facts supporting each ground.

CAUTION: If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief. Each one is a separate ground for possible relief. You may raise other grounds besides those listed. However, you should raise in this motion all available grounds (relating to this conviction or sentence) on which you base your claim that you are being held in custody unlawfully.

- ✓ Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
- Conviction obtained by use of coerced confession.
- Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
- Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
- ✓ Conviction obtained by a violation of the privilege against self-incrimination.
- ✗ Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
- Conviction obtained by a violation of the protection against double jeopardy.
- Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
- ✓ Denial of effective assistance of counsel.
- ✗ Denial of right of appeal.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must set out in the space provided below the facts that support your claims.

GROUND ONE: Appellate Counsel's Denial of Effective Assistance of Counsel by Failing to sufficiently Argue Judicial Error in Not Instructing Jury as to an Entrapment Defense.

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): Petitioner was induced by federal authorities proximately and directly-as to the arrangement of circumstances in direction of the alleged criminal episode-and appellate counsel did not raise arguement in the appeal brief, in a sufficient manner, so as to overcome govt's argument against it, nor did trial counsel in its petition to the trial court for the entrapment instruction.

6

_____
_____
_____

(b) **Direct Appeal of Ground One:**

 (1) If you appealed from the judgment of conviction, did you raise this issue?

   Yes • •  No • •

 (2) If you did not raise this issue in your direct appeal, briefly explain why: _____
_____
_____

(c) **Post-Conviction Proceedings:**

 (1) Did you raise this issue in any post-conviction motion, petition, or application?

   Yes • •  No • •

 (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
_____
_____
_____

 (3) Did you receive a hearing on your motion, petition, or application?

   Yes • •  No • •

 (4) Did you appeal from the denial of your motion, petition, or application?

   Yes • •  No • •

 (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes • •  No • •

 (6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
_____
_____
_____

 (7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____
_____
_____
_____

GROUND TWO: Appellate Counsel and Trial Counsel were Aggregately Ineffective for not Bringing a Negation of Mental State Defense-Based Upon the Effect of Government Inducement on Petitioner'in Relation to his Military Combat History and the Conjuctive Effects Elicited and Incited in Relation to the Diagnosis of Post Truamatic Stress Syndrome,As To the Defendant,Thereby and Therefrom. Supporting facts; Both Trial and Appellate Counsels were fully aware of the extensive Nature of Defendants Military History.Specifically his direct involvement in broad and also micro-intensive military combat operations and intelligence acquisition and employment.Counsels did not thoroughly and sufficiently investigate the nature of the Defendants Military Career as relative to the likely effects cognatively,emotionally and reasonably upon his state of mind(reason) given the suggestions of the governments informant in their inducement of petitioner.

(b) **Direct Appeal of Ground Two:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?

　　　　Yes • • No • •

　　(2) If you did not raise this issue in your direct appeal, briefly explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue in any post-conviction motion, petition, or application?

　　　　Yes • • No • •

　　(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

　　(3) Did you receive a hearing on your motion, petition, or application?

　　　　Yes • • No • •

　　(4) Did you appeal from the denial of your motion, petition, or application?

　　　　Yes • • No • •

　　(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

　　　　Yes • • No • •

　　(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____
_____
_____
_____

GROUND THREE: <u>In Relation to Ground Two, Counsel at Trial did not Raise Insanity Defense.</u>

(a) Supporting facts (Do not argue or cite law. Just briefly state the facts that support your claim.): <u>See Supporting Facts for Ground Two.</u> Additionally, Counsels did not investigate Petitioner's Military psychiatric history nor offer evaluation request for expert, and issue notice to Govt. under rule 12.2. Defendant/Petitioner was subjected to Constitutional violations as to his rights in a multifarious manner, by the trial counsel's failure to investigate and give Notice in this regard.

(b) Direct Appeal of Ground Three:

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes • •   No • •

   (2) If you did <u>not</u> raise this issue in your direct appeal, briefly explain why: _____
   _____
   _____

(c) Post-Conviction Proceedings:

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes • •   No • •

   (2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____
   _____
   _____
   _____

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes • •   No • •

   (4) Did you appeal from the denial of your motion, petition, or application?

Yes • • No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes • • No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____
_____
_____
_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____
_____
_____

**GROUND FOUR:** Trial Counsel did not Argue or Move for Severance of Petitioner from other Defendants. Appellate Counsel did not Argue the Same, and Petitioners Right to Confrontation was affected, Along With His Right to a Fair and Impartial Jury[] Jury was Inevitably Confused] **Supporting Facts:** It was not Reasonably possible for Jury to follow instructions as to evidentiary application Separately to the Codefendants, respectively, given the nature of the mass of information and its Voluminous exposure IN to the chronologically long trial. In this case, powerful incriminating extra-Judicial staments were deliberately spread before the jury in a joint trial, and these incriminations were not only improperly devastating to petitioner, but their credibilty was and is evidently suspect. The conduction of this trial improperly allowed for multiple other defendants to either directly and intentionally, or indirectly shift blame. This created a reality that was ambiguous and clouded as to Petitioner- creating an unreliability of evidence as to petitioner, and then intolerably compounding it, when alleged accomplices did not testify, thus precluding the testability, refutability, and/or shedding of light on its falsibilty. This applied as well to government witness testimony in the aggregate. (b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes • • No • •

(2) If you did <u>not</u> raise this issue in your direct appeal, briefly explain why: _____

_____
_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes • • No • •

(2) If your answer to Question (c)(1) is "Yes," state the type of motion, petition, or application, the name and

location of the court where the motion or petition was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes • •   No • •

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes • •   No • •

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes • •   No • •

(6) If your answer to Question (c)(4) is "Yes," state the name and location of the court where the appeal was filed, the case number (if you know), the date of the court's decision, and the result. Attach a copy of the court's opinion or order, if available. _____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," briefly explain: _____

_____

_____

13. Is there any ground in this motion that has <u>not</u> been presented in some federal court? If so, which ground or grounds have not been presented, and briefly state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes • •   No • •

If "Yes," state the name and location of the court, the case number, the type of proceeding, and the issues raised. _____

Ground Five:
Petitioner was improperly and unlawfully Enhanced (USSG) when trial counsel failed to sufficiently argue against offense severity and Criminal History calculations.
Supporting Facts:
Offense Severity calculation was improperly adjusted, as to (ie "terrorism enhancement") enhancement calculation for multiple direct and proximately related issues. (see also "Terrorism" definition)

Ground Six:
See Ground five as to Appellate Counsel Ineffective assistance for failure to argue.

Supporting Facts:
Please see Ground five.

Motion Timeliness. - 2255 - Rules.
This motion is timely, as calculation of one year from end of period for filing Petition for Writ of Certiorari to U.S. S. Ct. ended less than 1 year ago. (April 12th, 2021)

Certification
This motion was placed in U.S. - Prison - Mailbox on April 7th 2022 in conformance with the inmate filing provisions under the Section 2255 rules.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as codified in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
    (1) the date on which the judgment of conviction became final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the relief to which he or she may be entitled.

_Pro Se_

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on __April 7th, 2022__ _____ (month, date, year).

Executed (signed) on __April 7th, 2022__ (date).

Signature of Movant

* * * * *

Model Form for Use in 28 U.S.C. § 2255 Cases

Involving a Rule 9 Issue (Abrogated)

[The advisory committee is developing a new form that makes extensive revisions to the existing form.]