# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff-Respondent,*

vs.

    Case No. 6:16-cr-10141-EFM
        6:22-cv-01090-EFM

CURTIS WAYNE ALLEN,

    *Defendant-Petitioner.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Curtis Wayne Allen's Motion to Vacate his sentence under 28 U.S.C. § 2255.  Allen challenges his convictions for conspiracy to use weapons of mass destruction to blow up an apartment building in Garden City, Kansas, and conspiracy against civil rights on five grounds: (1) counsel was ineffective in their arguments for an entrapment instruction at trial and on appeal; (2) counsel failed to investigate or raise at trial and on appeal an insanity defense based on his military service and mental health issues; (3) counsel should have argued at trial and on appeal for severance of Allen's trial from those of his coconspirators; (4) counsel was ineffective in their arguments at trial and on appeal that the terrorism enhancement should not have applied; and (5) counsel provided ineffective assistance by failing to challenge the jury selection process in a timely and effective manner.  Because the Court finds that each of Allen's proffered

reasons for vacating his sentence is without merit, the Court denies Allen's Motion without holding an evidentiary hearing.

## I.    Factual and Procedural Background

Allen was one of three men convicted of conspiring to blow up an apartment complex and mosque in Garden City, Kansas.  Allen and the others were joined and tried together.  Allen's counsel never requested severance of Allen's trial from those of his coconspirators.  Prior to trial, Allen underwent extensive psychological evaluations, with his counsel obtaining his medical and military service records to investigate any possible defense based on mental defect.  Based on their findings, Allen's counsel chose to pursue a not guilty plea instead of an insanity defense.  His counsel strategically decided to argue at sentencing that his PTSD from serving in the military should result in a lighter sentence instead of bringing it up at trial.  Over the course of an 18-day trial and a two-part sentencing hearing, Allen's counsel vigorously advocated on his behalf on all fronts, including requesting that the Court instruct the jury as to the entrapment defense.  The Court denied this request, finding that the defense was unsupported by the record.

After his conviction, Allen appealed on several grounds, asserting the Court improperly denied an entrapment instruction, the terrorism sentencing enhancement should not have applied, and the jury selection process violated the Jury Act.  The Tenth Circuit affirmed Allen's conviction, holding that each of Allen's arguments failed on the merits.[1]  Allen, now pro se, has brought a Motion to Vacate under 28 U.S.C. § 2255 on six grounds, each one worded as arguing ineffectiveness of counsel.  In his reply, Allen alleges without basis that Daniel Day, the FBI's key

---

[1] See *United States v. Stein*, 985 F.3d 1254, 1262–67 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 425 (2021), *and cert. denied sub nom. Wright v. United States*, 142 S. Ct. 435 (2021).

witness against him, was a drug addict throughout the course of the investigation.  Believing that

he is entitled to discovery on this point, Allen has requested Day's hospital records and the

authority to issue subpoenas.  In response, the United States has moved to seal all of Allen's future

filings to protect Day's privacy and reputation from Allen's *ad hominem* attacks.

## II.       Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress
> claiming the right to be released upon the ground that the sentence was imposed in
> violation of the Constitution or laws of the United States, or that the court was
> without jurisdiction to impose such sentence, or that the sentence was in excess of
> the maximum authorized by law, or is otherwise subject to collateral attack, may
> move the court which imposed the sentence to vacate, set aside or correct the
> sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States

District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears
> from the motion, any attached exhibits, and the record of prior proceedings that the
> moving party is not entitled to relief, the judge must dismiss the motion . . . If the
> motion is not dismissed, the judge must order the United States attorney to file an
> answer, motion, or other response within a fixed time, or to take other action the
> judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files

and records of the case conclusively show that the prisoner is entitled to no relief."[2]  The petitioner

must allege facts that, if proven, would warrant relief from his conviction or sentence.[3]   An

evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are

---

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

Additionally, Allen appears pro se in arguing his Motion.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[5]  A pro se litigant is entitled to a liberal construction of his pleadings.[6]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [petitioner's] unfamiliarity with the pleading requirements."[7]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[8]  For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[9]

### III.   Analysis

**A.   Defendant fails to establish either of the necessary prongs to show ineffective assistance of counsel on any of his claims.**

As an initial matter, the United States argues that Defendant's claims are procedurally barred as having already been addressed on direct appeal.  Generally, "a defendant who 'fails to raise an issue on direct appeal . . . is barred from raising it in a § 2255 motion unless he can show' (1) 'cause excusing his procedural default and actual prejudice resulting from the errors of which

---

[4] *See id*. at 1472 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id*.

[9] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

he complains' or (2) 'that a fundamental miscarriage of justice will occur if his claim is not addressed.' "[10]  However, "[t]his rule does not apply to ineffective assistance of counsel claims."[11]

To avoid procedurally defaulting on several of his claims, Allen has worded each claim so as to argue ineffective assistance of counsel.  Without deciding whether this is simply a misdirection to reargue claims already addressed on direct appeal, the Court finds that each of Allen's stated grounds for relief fails on the merits.  Therefore, the Court need not address whether they would otherwise be procedurally barred.

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea."[12]  The Supreme Court has created a two-prong test which a criminal defendant must meet to prevail on a claim for ineffective assistance of counsel.[13]  "[A] petitioner must show (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial."[14]  Because the petitioner must meet both prongs of the test, "[a]n ineffective assistance claim may be resolved on either performance or prejudice grounds alone."[15]

---

[10] *United States v. Swan*, 2022 WL 1763392, at *2 (10th Cir. 2022) (quoting *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012)).

[11] *Id.*

[12] *Lee v. United States*, ---U.S.---, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

[13] *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

[14] *United States v. McPherson*, 2022 WL 1044922, at *3 (D. Kan. 2022) (citing *Strickland*, 466 U.S. at 687–88).

[15] *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000); *see also McPherson*, 2022 WL 1044922, at *3 ("A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.").

Prevailing upon the first prong requires the petitioner to show that his counsel's performance fell "outside the wide range of professionally competent assistance."[16]  Needless to say, this is a "highly demanding" standard.[17]  The petitioner must show that his counsel's "strategic decisions must have been completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[18]  Courts must presume that the tactical decisions of a defendant's counsel were correct.[19]  Furthermore, to avoid "the distorting effects of hindsight,"[20] courts must evaluate the decision from "the counsel's perspective at the time of the alleged error."[21]

To prevail on the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[22]  The main inquiry here is "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[23]  In assessing counsel's performance, courts must exercise a high level of deference because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[24]

---

[16] *Strickland*, 466 U.S. at 690.

[17] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[18] *Fox*, 200 F.3d at 1296 (further citations and quotations omitted).

[19] *See id.*

[20] *Strickland*, 466 U.S. at 689.

[21] *McPherson*, 2022 WL 1044922, at *3 (citing *Edens v. Hannigan*, 7 F.3d 1109, 1114 (10th Cir. 1996)).

[22] *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

[23] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citation omitted).

[24] *Strickland*, 466 U.S. at 690.

1.      *Counsel's failure to effectively argue entrapment at trial and on appeal*

Allen's sole argument regarding the alleged failure of his counsel effectively argue for an entrapment defense is that his counsel did not "overcome [the government]'s argument."  To put it another way, his only issue with his counsel's performance is that they lost.  Allen cites no facts as to how his counsel failed to perform within reasonable standards or how he suffered prejudice when he lost on an issue vigorously argued by his counsel before this Court and on appeal. Therefore, Allen cannot meet either prong of the *Strickland* test.  Accordingly, his Motion on this ground must be dismissed.

2.      *Counsel's alleged failure to investigate or argue the insanity defense*

For his second ground, Allen makes conclusory allegations that his counsel failed to investigate his military history or raise an insanity-based defense at trial.  He alleges no specific facts in favor of either of these allegations.  The Court finds that Allen's allegation that his counsel did not adequately investigate his military service and mental state is blatantly false.  The record in this case makes clear that his counsel fully investigated any possible defenses based on Allen's mental state.  They obtained his medical and military service records and had him assessed by a psychological expert both before and after his trial.  Allen points to no specific items left uninvestigated by his counsel.  By failing to show that his counsel acted unreasonably or that he suffered prejudice, Allen cannot prevail on this argument.

Second, Allen is correct that his counsel did not present evidence of his PTSD at trial, but he omits that his counsel raised the issue at sentencing.  This was a strategic decision by his counsel, one that the court must presume was correct absence evidence to the contrary.  That evidence, or even an allegation showing how the strategic decision was in error, does not exist. Therefore, Allen's claim for relief on this issue is groundless.

Third, his counsel's decision to avoid presenting an insanity defense does not render his counsel's assistance ineffective.  Allen does not allege any facts showing that decision was objectively unreasonable, nor does he allege how he suffered prejudice from it.  He alleges no facts that his counsel failed to admit at trial except an unsupported allegation raised for the first time in his reply brief of "Traumatic Brain Injury."  The record here clearly shows that Allen's allegation is baseless.  Furthermore, Allen does not establish a reasonable probability that even had such an injury existed and his counsel had admitted it at trial that the outcome would have been different. Therefore, Allen fails to meet either prong of the *Strickland* test on these issues.

> 3.    *Counsel's alleged failure to sever Allen's trial from that of his coconspirators*

Next, Allen argues that his counsel's decision not to sever his trial from that of his coconspirators denied him his rights to confrontation and to a fair and impartial jury.  First, he states that "[i]t was not reasonably possible for the jury to follow instructions as to evidentiary application separately to the Codefendants."  He also states that "powerful incriminating extra-judicial statements were deliberately spread before the jury" and "these incriminations were not only improperly devasting to petitioner, but their credibility was and is evidently suspect." Construing his allegation liberally as a pro se petitioner, Allen appears to argue that the introduction of his codefendants' statements prejudiced his case.  Allen alleges zero facts beyond these conclusory statements.

This argument is a failing one.  First, "[a] jury is presumed to follow its instructions."[25] Second, severance for properly joined defendants is a disfavored procedural step, especially in

---

[25] *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).

conspiracy cases.[26]   Indeed, the Tenth Circuit presumes that coconspirators should be tried together.[27]  This makes sense because statements "made by the party's coconspirator during and in furtherance of the conspiracy" are fully admissible against any member of the conspiracy under Federal Rule of Evidence 801(d)(2)(E).

Here, Allen has alleged no specific facts to overcome the presumption that he should have been tried with his coconspirators.  He cannot point to any prejudice suffered because the statements by his coconspirators would have been admissible against him regardless of whether his trial had been severed.  His argument is that the jury could not be trusted to follow the Court's instructions is without any factual support, and therefore fails to overcome the legal presumption that the jury understood and follow each of the Court's instructions in this case.  Accordingly, Allen's claim here must fail.

4.   *Counsel's failure to sufficiently argue against the terrorism enhancement*

Here, Allen makes another conclusory statement that his counsel failed to sufficiently argue against the terrorism enhancement at trial and on appeal.  He states no facts in support of this assertion.  His only argument is that the severity of his sentence was improperly adjusted when the Court considered the terrorism enhancement.  This issue has already been addressed by this Court and by the Tenth Circuit on appeal.  Allen points to no facts showing how his counsel performed unreasonably or that he was prejudiced by their alleged error.  In fact, this Court at sentencing explicitly stated that had it not applied the terrorism enhancement, it would have arrived at the

---

[26] *Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

[27] *See United States v. Hill*, 604 F. App'x 759, 766 (10th Cir. 2015).

same sentence via an upward departure.  Therefore, Allen has failed to prove either prong of the *Strickland* test.  Accordingly, his claim fails to state a reason to vacate his sentence.

>    5.    *Counsel's failure to challenge the jury selection process in a timely and effective manner*

Finally, Allen asserts two arguments tied to an issue already much litigated in this case; whether the jury selection plan for his trial violated the Jury Act.  First, Allen argues that his counsel provided ineffective assistance when they untimely filed the objection to the petit jury pool drawing members from only the Wichita/Hutchinson area.  The argument falls flat on its face. The Tenth Circuit, addressing Allen's challenge to the jury pool on appeal, held that "even if the challenge were not procedurally barred, it fails on the merits."[28]  Therefore, the failure of Allen's counsel to raise the objection in a timely manner is irrelevant, and Allen cannot show prejudice on this count.

Second, Allen argues that his counsel argued the wrong issues in challenging the jury selection pool.  Instead of arguing that the jury plan improperly excluded Dodge City residents, Allen believes his counsel should have argued that the jury plan improperly excluded rural residents.  This argument appears to be based on the unsupported allegation that rural areas are home to a higher percentage of military veterans who "have been exposed to Islamic terrorism", individuals who "may very well have seen through to the unfair inducement by the government." Furthermore, Allen believes that his attorneys should have argued that the jury plan violated the Jury Act by not including areas without Muslim inhabitants.  Without addressing this spurious argument, it is apparent that Allen fails to state any facts in support of this contention that show a

---

[28] *Stein*, 985 F.3d at 1263.

reasonable probability that the result would have been different had his counsel made this argument.  Therefore, Allen cannot show prejudice to his case.  Accordingly, his stated grounds for relief must fail.

**B.      The United States' request to seal any future filings**

In his reply, Allen alleged for the first time that the United States' undercover liaison, Daniel Day, was a drug addict throughout the course of the investigation.  As the Court is very familiar with the record in this case, it finds this allegation to be absurd.  Allen's counsel already requested and received Day's pertinent medical records and vigorously cross-examined Day during trial.  At no point was there the slightest suspicion by any party that Day had a drug addiction.

To protect Day from future *ad hominem* attacks by Allen, the United States has requested that the Court seal any future filings by Allen.  The United States seeks "to protect Mr. Day's privacy and to ensure that the judicial process is not abused to defame the character of a government witness."

The Tenth Circuit requires a party requesting the sealing of documents to "overcome[] a presumption in favor of access to judicial records by articulating a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[29] Although the Court applauds the United States for its thoughtfulness toward Day, it finds that Allen's allegations are so unworthy of credence that it is extremely unlikely that they could have a harmful effect on anyone involved.  Therefore, sealing Allen's future filings does not present a

---

[29] *Brown v. Flowers*, 974 F.3d 1178, 1187–88 (10th Cir. 2020) (quotations and brackets omitted).

real and justifiable interest sufficient to overcome the presumption in favor of public access to the record.  Accordingly, the United States' request is denied.

**C.      Allen's request for discovery**

Additionally, Allen has requested discovery regarding Day's hospital records and for the authority to issue subpoenas because Allen "is CERTAIN" facts exist to prove Day's drug addiction.  In the light of the record, his request is baseless, without legal authority, and immaterial to whether there is a reasonable probability Allen's sentence would have been shorter.  Finding that the motions and the record in this case conclusively show that Allen is entitled to no relief, there is no need for additional discovery in this case.  Therefore, Allen's request is denied.

### IV.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[30]   A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[31]   For the reasons explained above, Allen has not made a substantial showing of the denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate (Doc. 572) is **DENIED.**

---

[30] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA. See 28 U.S.C. § 2253(c)(1).

[31] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS FURTHER ORDERED** that the United States' request for Allen's future filings to be sealed is **DENIED**.

**IT IS SO ORDERED.**

Dated this 11th day of October, 2022.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE